WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark Campbell, | ) | |
| Plaintiff, | ) | CR   04-78 TUC DCB |
| v. | ) | |
| J. Chaves, et al., | ) | **ORDER** |
| Defendant. | ) | |

On November 29, 2005, this Court denied Defendants Hunt and Hardesty summary judgment. On December 27, 2005, the Defendants filed a Motion for Reconsideration reasserting they had no involvement in the affairs forming the basis of Plaintiff's Bivens action. Defendants argue that Co-Defendant GEO Group's payment to the Plaintiff in October 4, 2005 represents payment for the loss of property and associated costs. (Motion to Reconsider, Ex. A: Scroggin Affidavit at 2.)

The Court was aware of GEO Group's payment to Plaintiff for the lost property at the time it ruled against Defendants Hunt and Hardesty. (See Order filed November 29, 2005 at 12.) Defendants' Motion for Reconsideration ignores Plaintiff's claims that they either failed to have policies and procedures, or failed to follow policies and procedures, for resolving losses of property by inmates being transferred from one facility to another, when one facility is a private contract facility. *Id.* at 6-9, 12.

At the outset, the Court notes that motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error

not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).

Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly". *Above the Belt, Inc.*, 99 F.R.D. at 101; *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983). Arguments that a court was in error on the issues it considered should be directed to the court of appeals. *Id.* at 7.

Motions to reconsider are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure ("Rule") 59(e). *See In re Agric. Research & Tech. Group, Inc.*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). A motion to amend a judgment based on arguments that could have been raised, but were not raised, before judgment was entered may not properly

be granted. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 at 127-28; *Demasse v. ITT Corporation*, 915 F. Supp. 1040, 1048 (Ariz. 1995) (a Rule 59(e) motion may not be used to raise arguments or present evidence that could have been raised or presented prior to judgment); *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir. 1993) (proper to deny Rule 59(e) request for relief not requested in amended complaint).

Alternatively, a court can construe a motion to reconsider as a Rule 60 motion for relief from a judgment or order. Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

The Court has reviewed Defendants' Motion to Reconsider and its Order entered on November 29, 2005. The facts and circumstances which caused this Court to rule against Defendants have not changed. The facts and circumstances surrounding Plaintiffs' claims against Defendants Hardesty and Hunt have not changed since this Court's Order concerning these matters; there are no new facts which were discovered since the Court's disposition of the motion for summary judgment. There is no manifest error of law. There is no basis under Rule 59 or Rule 60 for reconsideration.

**Accordingly,**

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (document 45) is DENIED.

**IT IS FURTHER ORDERED** that within five days of the filing date of this Order the Defendants shall supplement their status report regarding the progress of Plaintiff's

/////

/////

3

administrative claim. It appears that he filed it on December 20, 2005, by mailing a BP9 form to the Warden at Safford FCI.

DATED this 11th day of January, 2006.

David C. Bury
United States District Judge